Smith, J.
We think the deed in question was obtained by the defendant from the plaintiff under such circumstances, and on such representations, as entitles the plaintiff to have it set aside and held for nought. At the instance of one of the counsel for the defendant, who was aware that the legal title to this lot, and, perhaps, the equitable title also, was in the plaintiff; application was made by him to L. W. Irwin, a cousin of the plaintiff, for his assistance in procuring from him a deed for the property. It appears that L. W. Irwin, without any knowledge as to the facts, was of the opinion that his cousin had no title to the land, and undertook to try and get the deed for a mere pittance. He was then acting as the agent for the defendant, and at the instance of his attorney, wrote to plaintiff,, enclosing a deed prepared by the attorney of the defendant, conveying the property to defendant, and asking him to sign and return it, saying: “The conveyance has been passed upon, but the fire destroyed the original deed, and this is for the purpose of restoring it. Your signing it will save a little time in restoring the record. I think I can get $20 on the delivery of the deed. ” There is conflict in the evidence,as to whether L. W. Irwin was informed by Mr. DeWald, acting as attorney for the defendant, that the deed was wanted for the purpose of restoring the original deed, lost by the court house fire. .It would seem most probable that it was; but whether it was or not, we think *570 makes no difference, the representation was madejby one acting as the agent of the defendant — was relied upon by the plaintiff, and the representation was not true in fact, and defendant knew it was not, or his attorney knew it, as is testified. The defendant obtaining the deed on the representations of one acting for him, stood in the same position as if the representations had been made by himself. If he accepts the fruits of the transactions, he took them subject to the burdens.
The plaintiff seeks the cancellation of the deed, as having thus been wrongfully procured from him. He adds in his petition that he was the owner in fee of the property described, at the time he executed the deed, but did not than know it, and acted upon Irwin’s letter, relying on the representations therein made. The defendant denies that he was the owner of it.
We think that on the competent evidence in this case, the plaintiff has failed to prove a good title in himself at that time. The evidence of Mr. Black, manager of the Abstract Co. of this city, was heard under exceptions, and the question of its competency reserved by the court for consideration. It was to the effect that among the files of his office is what purports to be an abstract of the record and final decree in a case lately pending in some of the courts of this county, wherein the title to this land was in question in a proceeding between the heirs at law of Archibald Irwin, who by the evidence produced was shown to have had the legal title, at his death, to this property,and the father of plaintiff, whereby it was adjuged that said Archibald only held the title thereto as trustee of his brother, and by which decree he was ordered to convey the title thereto to his brother, of whom plaintiff was the sole heir at law, his father having died intestate. Suffice it to say, that if a transcript of this record and decree, was competent evidence, it with the other evidence in the case, showed the title to the property in dispute to have *571 been in plaintiff at the time of the execution of the quitclaim deed in question.
The evidence of Mr. Black was to the effect that one' Bis-sell some years ago was the proprietor of the abstract agency in this city — that it purported and undertook to make an abstract of the record of all cases in the courts-of this county which concerned the title to real estate in the county. That the company with which Mr. Black is connected, purchased said abstracts, and now owns them; that among them is the abstract of the case in question in Bissell’s hand writing,but when or by whom it was made, or how correctly, he does not know. It was proved that the record of the case, which it purports to abstract,was destroyed in the court house fire of 1884.
On this state of fact we think the abstract itself or a copy of it is not admissible here. If there was proof by the person who made it, or by some person who compared it with the original that it was correct, we would be disposed to hold it competent; but we know no rule of law in the absence of such proof, which would, on the proof made warrant the admission of it.
But we think that we would not be justified in refusing to grant to plaintiff the relief which he seeks, because he cannot now prove a perfect and indefeasible title to the property in himself at the time he executed the release. We do not undertand that this is essential, or that the action before us is one to try his title. The defendant has in the manner shown procured him to release all of his interest therein for the paltry sum of $30.00 when its true value, as shown by the evidence, is $3,000, and when the defendant shows no other title to the land in himself. He evidently acted on the theory that plaintiff had an interest therein. If he had, he is entitled to have this release so procured set aside. But if reasonable ground is shown that the existence of the deed is, or may be a detriment to him, or might be used against *572 him in any way, we think he is entitled to have it cancelled. And we are of the opinion that while evidence of the character mentioned, would not. be admissible in this case under the general principles of law, that under the statutes for the restoration of records lost or destroyed by fire (secs. 5339a and post. Rev. Stat.), and the very liberal rules there laid down for the introduction 'of evidence in proceedings-brought by parties in interest to restore such records, such evidence might and probably would be entirely competent. But such proceedings must be brought by parties in interest, and while this deed stands plaintiff would seem to have none.
W. A. Hicks, and J. W. Wolfe, for plaintiff.
Chas. H. Phares, of Von Seggern, Phares & De Wald and Wm. Plarrup, for defendants.
In our judgment, then,on the facts shown, plaintiff is entitled to have such deed set aside, and a decree entered accordingly, the price that was to be paid plaintiff being still in the hands of L. W. Irwin, defendant’s own agent, of course, should be returned to him.